REIER *v.* DETROIT STEEL & SPRING WORKS.

MASTER AND SERVANT—INDEPENDENT CONTRACTOR—LIABILITY FOR INJURIES TO EMPLOYÉ.

In an action for personal injuries based upon the relation of master and servant, there can be no recovery where the evidence shows that the plaintiff was not employed by defendant, but by a contractor, to whom defendant furnished the building and appliances about which the plaintiff was employed, and who paid, and had exclusive control of, the workmen.

Error to Wayne; Lillibridge, J. Submitted April 9, 1896. Decided May 12, 1896.

Case by August Reier, an infant, by Charles Reier, his next friend, against the Detroit Steel & Spring Works, for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*James H. Pound,* for appellant.

*Wells, Angell, Boynton & McMillan,* for appellee.

GRANT, J. Plaintiff, a boy 15 years old, was seriously injured by the bursting of an emery wheel, at which he was engaged in grinding the burrs off some coil springs. The court directed a verdict for the defendant. The declaration is based upon the existence of the relation of master and servant. It alleges that plaintiff was in defendant's employ, and that it was guilty of negligence in placing him, inexperienced, at dangerous work, without warning or instruction; in not furnishing him with a safe machine to work upon, in that the journals upon which the wheels ran were worn, so that they jumped and wobbled; that the wheel itself was out of condition, worn out, and needed turning; that it was not provided with

blowers, and did not have a. wire web for strengthening it.

The instruction of the court was correct. Plaintiff was not in the employ of the defendant, but in the employ of a contractor, to whom the defendant furnished the building, tools, and machinery with which to perform the work contracted. The contractor employed and paid all his workmen, including the plaintiff, and had the sole control and direction over them. If it was negligence to set the plaintiff at this work, about which we express no opinion, the contractor alone was at fault. Plaintiff testified that he was employed and paid by the contractor, and was not employed by the company.

The defendant, upon a proper declaration, could be held liable only for failure to furnish suitable machinery, and to keep it in proper repair, provided it was its duty to do so, upon sufficient notice. The emery wheel was one of the kind in common use, and new. There was no evidence to show that the machinery and appliances were not in good condition, and safe, when furnished. The defendant is not responsible for their negligent use, or for the rate of speed at which the wheel was running.

The judgment is affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.